UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RHONDA TRUJILLO**,

    Plaintiff,

v.                                                    Civ. No. 11-243 WDS

**SCOT KEY 13TH JUDICIAL DISTRICT ATTORNEYS OFFICE;**
**UNM HOSPITAL,**

    Defendants.

### ORDER CONDITIONALLY GRANTING IFP and REQUIRING THE FILING OF AN AMENDED COMPLAINT[1]

THIS MATTER comes before me on pro-se Plaintiff Rhonda Trujillo's Motion to Proceed *in forma pauperis* ("IFP"), filed March 15, 2010 [Doc. 3], and on my concomitant obligation, because Trujillo is an inmate seeking redress from a governmental entity, officer, or employee, to also screen her case under 28 U.S.C. § 1915A(a) and recommend dismissal of "any portion of the complaint" that "fails to state a claim upon which relief may be granted; or [] seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

Based on the amount of money in her prison account, it appears that Trujillo qualifies for permission to proceed IFP under 28 U.S.C. § 1915(b)(1). But if the court determines that a party seeking to proceed IFP has brought a complaint that fails to state a claim or seeks monetary relief against an immune defendant, the court must "dismiss the case." *See* § 1915(e)(2); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

---

[1] Within fourteen (14) days after a party is served with a copy of this Order, that party may, pursuant to 28 U.S.C. § 636(b)(1), request reconsideration by the district judge. A party must file any request for reconsideration within the fourteen-day period if that party wants to have appellate review of the Order. If no request for reconsideration is filed, no appellate review will be allowed.

Trujillo has brought suit for monetary damages under 42 U.S.C. § 1983 against Scot Key, who is a state district attorney, and UNM Hospital for allegedly violating her constitutional right to privacy. The Eleventh Amendment bars a suit for damages in federal court against a State, its agencies, and its officers acting in their official capacities, even when the action is brought under § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58 at 70-71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The University of New Mexico and its Hospital are arms or agencies of the State. *See* N.M. Const. art. XII, § 3 (defining UNM as a state educational institution and stating that "[t]he ... universities ... provided for by this constitution shall forever remain under the exclusive control of the state"); N.M.S.A. 1978 § 21-7-1 (stating that UNM is intended to be the state university); *Aly v. Mt. Holding, L.L.C.*, No. 98-2273, 2000 WL 18878, at *1 (10th Cir. Jan. 12, 2000) (stating that the UNM Hospital is "a state entity"); *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494 n. 3 (10th Cir.1998) ("[W]e have no doubt that [the UNM School of Medicine], its Regents, and the Committee on Admissions are 'arms of the state,' entitled to Eleventh Amendment immunity."). Because UNM Hospital is immune from suit in federal court and is not a "person" under 42 U.S.C. § 1983, Trujillo must amend her complaint to delete UNM Hospital as a Defendant. And because Scot Key is a state employee or official, *see Candelaria v. Robinson*, 93 N.M. 786, 791, 606 P.2d 196, 201 (Ct. App. 1980) (noting that district attorneys are public employees with immunity under the state Tort Claims Act); N.M.Const., art. VI, § 24 (providing that the district attorney "shall be the law officer of the state and of the counties within his district . . . ."), he may not be sued in his official capacity under § 1983. Trujillo, therefore, must make clear in her Amended Complaint that she is suing Key only in his individual capacity and must provide to the Court address information so that he may be individually served.

Permission to proceed IFP and free service of process is conditioned upon Trujillo filing an

Amended Complaint to correct the deficiencies noted above.  If Trujillo fails to submit an Amended Complaint as directed, I will recommend that the Court dismiss her case without further notice.

**IT IS ORDERED** that the motion to proceed IFP [Doc. 3] is GRANTED, conditioned on Trujillo filing an Amended Complaint within fourteen days of the filing of this Order.

_____
UNITED STATES MAGISTRATE JUDGE