IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RHONDA TRUJILLO**,

      Plaintiff,

v.                                                                                                No. CV 11-243 JP/WDS

**SCOT KEY, 13TH JUDICIAL DISTRICT
ATTORNEYS OFFICE; UNM HOSPITAL**,

      Defendants.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on (i) pro-se Plaintiff Rhonda Trujillo's *Motion to Amend Complaint*, filed March 28, 2011 (Doc. 7); (ii) her amended *Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915*, filed May 17, 2011 (Doc. 12); and (iii) *Defendant Scot Key's First Motion to Dismiss and Memorandum in Support Thereof*, filed June 13, 2011 (Doc. 15). The Court has reviewed the motions and briefs submitted by the parties, and the relevant authorities. The Court concludes that both of Trujillo's motions are moot because the relief she requests has already been granted, *see* Docs. 4, 9, but that Trujillo's amended Complaint must be dismissed under 28 U.S.C. § 1915A(a), (b)(1).

### BACKGROUND

On June 22, 2007, Trujillo was involved in a traffic accident that resulted in the death of other individuals. *See* Doc. 11 Ex. B at 20.[1] Her sobriety at the time of the accident was called into question. *See id.* at 21. Trujillo was transported to the University of New Mexico ("UNM") Hospital and her blood was drawn for purposes of determining its blood-alcohol content. *See id.*

---

[1] Trujillo has attached several documents to her amended Complaint. The facts contained therein are accepted as true to the extent she does not rebut them elsewhere in the Complaint. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits.").

The laboratory results were available on July 3, 2007.  *See id.*

Defendant Scot Key was the prosecutor in the criminal case against Trujillo after she was charged with driving while intoxicated.  *See* Doc. 11 at 1.  Key requested from UNM Hospital all of Trujillo's "medical records including [her] whole medical history with UNM Hospital."  *Id.* at 2.  Trujillo states that "most of these records had nothing to do with my criminal case."  *Id.*  She asserts that "Key faxed UNM Hospital a court order that was not signed by a judge."  *Id.*  Then, after Key received the medical records, over the telephone, "he . . . tried to convince [Trujillo's] attorney Kathleen Rhinehart to approve the release of [her] medical records."  *Id.*  But, at the time Key made this phone call, he had already received the medical records.  *Id.*  Rhinehart told Key that she would not approve the release of Trujillo's medical records.  *See id.*  Trujillo contends that Key accessed her medical records without authorization.  *Id.* at 3.

Trujillo filed her Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on March 15, 2011. Doc. 1.  She then filed her motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  *See* Doc. 3.  On March 18, 2011, the Court conditionally granted IFP and required Trujillo to file an amended complaint removing UNM Hospital as a defendant because of its immunity from suit under the Eleventh Amendment to the U.S. Constitution, and also required her to clarify that she is suing Key only in his individual capacity, because as a state employee he may not be sued for monetary damages in his official capacity under § 1983.  *See* Doc. 4.  On March 28, 2011, Trujillo filed her motion to file an amended complaint to "disclude UNM Hospital and the 13th Judicial District Attorneys Office" from her Complaint and to name Key in his individual capacity as a Defendant.[2]  *See* Doc. 7.  No amended Complaint was attached to that document.  However, on May

---

[2] Only at the time she filed her amended Complaint did it appear clear that Trujillo had originally intended the 13th Judicial District Attorney's Office also to be a Defendant.  She properly excluded that office from her amended Complaint.

5, 2011, by Order for Service of Process (Doc. 9), the Court instructed Trujillo to file the amended Complaint within twenty days of the filing of the Order and instructed the U.S. Marshall to serve Key with process, so her motion to file an amended complaint is moot. *See* Doc. 9 at 2. Trujillo filed her amended Complaint on May 17, 2011, requesting damages in the amount of $1,000,000 for violation of her civil rights. *See* Doc. 11. She unnecessarily re-filed an application to proceed IFP on that same date. *See* Doc. 12. On June 13, 2011, Key filed his motion to dismiss. *See* Doc. 15.

## DISCUSSION

Trujillo brings her claim only under 42 U.S.C. § 1983. Section 1983 enables a plaintiff to sue individuals, acting under color of state law, for alleged constitutional violations. Trujillo followed the directions of the Honorable William D. Schneider, U.S. Magistrate Judge, in his order for service of process dated May 5, 2011 (Doc. 11), and filed her amended Complaint within the time frame set forth therein.

"The core inquiry under any § 1983 action . . . is whether the plaintiff has alleged an actionable constitutional violation" by a state actor. *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007). In his Motion to Dismiss,[3] Key argues that, contrary to the cause of action that Trujillo expressly stated is a suit for violation of her civil rights under § 1983, Trujillo is not bringing a claim against Key under § 1983 but is attempting to sue Key for violations of the Health Insurance

---

[3]In his motion to dismiss, Key raises the issue of Trujillo's untimeliness in filing her response. "Failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b). The court cannot, however, grant a motion to dismiss based solely on plaintiff's failure to respond and must consider the merits of the motion. *See Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003). This rule is "consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'" *Id.* (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). The Court has considered the motion on its merits, along with Trujillo's untimely response.

Portability and Accountability Act, 42 U.S.C. § 1320d, *et seq.*, and 45 C.F.R. § 160, *et seq.* ("HIPAA").  *See* Doc. 15 at 2-3.  He argues that HIPAA cannot be pursued as a private right of action and that he, individually, does not fall within the definition of "covered entity" as set forth in that Act.  *See id*. at 4-5.

Contrary to Key's contention, one's right to privacy is also protected by the United States Constitution.  The Fourteenth Amendment's Due Process Clause protects individuals from state intrusion into fundamental aspects of their personal privacy, *see* U.S. CONST. amend. XIV; *Roe v. Wade,* 410 U.S. 113, 152-53 (1973), and "includes preventing disclosure by the government of personal matters," *F.E.R. v. Valdez*, 58 F.3d 1530, 1535 (10th Cir.1995), such as personal information concerning one's health, *see Herring v. Keenan*, 218 F.3d 1171, 1173 (10th Cir. 2000).  "Patients have a legitimate expectation of privacy in the medical records."  *F.E.R.*, 58 F.3d at 1535.  The balancing test established by the Tenth Circuit Court of Appeals to determine whether a constitutional violation of privacy occurred is: "(1) whether the [plaintiffs] have a legitimate expectation of privacy in their [medical] records, (2) whether disclosure of this information served a compelling state interest, and (3) whether the state could have achieved its objectives in a less intrusive manner."  *F.E.R.*, 58 F.3d at 1535.  The Court will not recharacterize Trujillo's complaint as one brought under a statute to which she never even referred in her Complaint.  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997 ("This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf.").  Thus, the Court will deny Key's motion to dismiss.  Nevertheless, the Court has a duty to dismiss a complaint "as soon as practicable" when the prisoner seeks redress from an employee of a governmental entity and the complaint fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915A(a),(b)(2).

The document filed by Key in the state-court proceeding, which Trujillo attached to her amended Complaint, indicates that Key sought Trujillo's medical records so that his expert could extrapolate the blood-alcohol content and consider the medical personnel notes regarding Trujillo's intoxication at the time of the accident and her admittance to the hospital. *See* Doc. 11 at 22. Trujillo's amended complaint states that Key requested all of her medical records, including those that were not relevant to her criminal case. *See id.* at 2. Contrary to this allegation, however, the executed subpoena duces tecum dated January 26, 2009, attached to her amended Complaint, conclusively shows that Key requested medical records only from June 22, 2007 (the date of the accident), and not all of Trujillo's medical records without limitation. *See* Doc. 11 at 31. Trujillo bases her civil-rights claim on the request for, and disclosure of, her medical records for the time period prior to June 22, 2007, as demonstrated by Trujillo's response to Key's motion to dismiss, in which she states "I can even understand any records from June 22, 2009[4] and on. Not records before that." Doc. 20 at 9. There is nothing to indicate that Key sought Trujillo's medical records for the time period prior to the accident. Therefore, Trujillo's claim of a violation of her right to privacy, which is based only on the allegation that Key requested medical records for dates before June 22, 2007, fails as a matter of law.[5] Because Trujillo does not state a federal claim upon which relief can be granted, no discussion regarding Key's argument of absolute prosecutorial immunity is necessary.

---

[4] Multiple times in her pleadings Trujillo substitutes the year 2009 for year 2007. Because the accident occurred on June 22, 2007, all references to this month and day are assumed to mean 2007.

[5] Even though Key did not raise this argument, the court must dismiss a complaint *sua sponte* when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the complaint "fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(a), (b)(2).

Trujillo also contends that Key issued the subpoena without authorization. But, a judge's signature is not required on issued subpoenas duces tecum, and Trujillo does not provide any legal support for her argument. The New Mexico Rules of Criminal Procedure set forth the process for issuance of a subpoena.

> (2) All subpoenas shall issue from the court for the district in which the matter is pending.
>
> (3) The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. An attorney authorized to practice law in New Mexico and who represents a party, as an officer of the court, may also issue and sign a subpoena on behalf of the court.

N.M.R.A. Rule 5-511 A(2) & (3). Trujillo has not alleged any facts to show that Key improperly issued the subpoena. Because Trujillo does not state a cognizable federal claim against Key, her amended Complaint must be dismissed.

**IT IS THEREFORE ORDERED** that Trujillo's motions to file an amended complaint and to proceed IFP (Docs. 7 and 12) are DENIED as moot;

**IT IS FURTHER ORDERED** that Key's motion to dismiss (Doc. 15) is DENIED;

**IT IS FURTHER ORDERED** that Trujillo's amended Complaint is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim.

_____
SENIOR UNITED STATES DISTRICT JUDGE